

FILED
MARCH 18, 2009
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, PRO SE, TDCJ-CID No. 1185391, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:07-CV-0031 |
| Mrs. NFN BROWN, Psych Dept., | § § § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION

Plaintiff MARTIN PORTILLO initially filed a lawsuit, Cause No. 5-06-CV-1083, in the Western District of Texas, San Antonio Division. The case was received on January 24, 2007 by transfer to the United States District Court for the Northern District of Texas, Amarillo Division, and was opened as Cause No. 2:07-CV-0013. By Order issued February 22, 2007, plaintiff's claim against defendant BROWN was severed from Cause No. 2:07-CV-0013 and filed as Cause No. 2:07-CV-0031.

Plaintiff MARTIN PORTILLO, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff complains defendant BROWN "from Psych. Dept. Showed favoritism and discrimination toward MHMR Prisonors [sic] by pulling cases similar to mine, but letting mine go through pointing her finger laughing in my face accusing me falsely knowing

I'm MHMR. Her actions denied me of mandatory supervision and freedom causing unwanted infliction of pain."

By his March 28, 2008 response to the Court's Questionnaire, plaintiff states defendant BROWN shouldn't have to pull any cases, that his case should not have gone through, and that he told everyone the I-60 was for Psych but the medical department gave him a case anyway. The Court notes plaintiff attached a Disciplinary Report and Hearing Record to his complaint showing he received case no. 20060299120 for threatening to inflict harm on medical staff by writing on a sick call, "Who the Hell do I have to kill for assistance?" This is the only disciplinary report attached to the complaint and appears to be the basis of plaintiff's complaint.

Plaintiff further states he thinks BROWN didn't pull his case because "[s]he never cared what happened to me or any other Mexicans" and that she called him "Taco" and laughed.

When asked, at question no. 5 of the Questionnaire, whether a psychiatrist or psychologist had determined plaintiff could not control his behavior or what other reason would justify pulling his case, plaintiff responded that psychiatrists and psychologists haven't helped him.

Plaintiff requests an award of monetary relief, that his disciplinary case be overturned and his mandatory supervision reinstated.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendant.

## THE LAW AND ANALYSIS

Initially, the Court notes plaintiff's request that the disciplinary case be overturned and he be released on mandatory supervision. The Disciplinary Report and Hearing Record attached to plaintiff's complaint shows the disciplinary case did not result in any loss of goodtime credits; and plaintiff has not explained how it could have prevented him from being released on mandatory supervised release. In fact, the only punishment assessed was 45 days cell restriction, 45 days recreation and commissary restriction and that plaintiff remain Line Class 3. In any event, a challenge to the fact of confinement must be vindicated through habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

An inmate's Fourteenth Amendment right to Equal Protection may be violated if a state actor intentionally discriminates against him because of membership in a protected class or due

---

[2]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

to an irrational or arbitrary state classification unrelated to a legitimate state objective. *Washington v. Davis*, 426 U.S. 229, 247-48, 96 S.Ct. 2040, 2051-52, 48 L.Ed.2d 597 (1976); *Stern v. Tarrant County Hospital District*, 778 F.2d 1052 (5th Cir. 1985), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). Conclusory allegations of malice, such as racial animus, are not sufficient to state a claim of racism. *Al-Raid v. Ingle*, 69 F.3d 28 (5th Cir. 1995).

To show impermissible discrimination, plaintiff has alleged defendant BROWN called him names and laughed at him; however, plaintiff has not alleged facts showing BROWN could or should have pulled his disciplinary case if she had been acting without the alleged discriminatory malice.

Although plaintiff has alleged facts showing defendant BROWN didn't like him and may have disliked him because of his race, he has not alleged facts showing she actually committed a discriminatory act.

When asked why BROWN should have pulled his disciplinary case, plaintiff responded she shouldn't have to pull any cases and that the offending I-60 was intended for the Psychiatric personnel, not the Medical Department. Because plaintiff's grievance about the disciplinary case pleaded he had taken medication and it had not had time to take effect before he wrote the offending I-60, the Court asked plaintiff whether any psychiatrist or psychologist had determined he could not control his behavior, absent medication. Plaintiff responded that psychiatrists and psychologists don't help him.

Plaintiff has not alleged he fell into the category of MHMR patients whose cases could be pulled because a mental health provider had determined such patients could not control their

behavior and should not be held accountable for it. Further, he has not alleged any other reason which would justify defendant BROWN in pulling his disciplinary case.

Plaintiff has failed to present allegations which cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has failed to state an Equal Protection claim against defendant BROWN.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983 by plaintiff MARTIN PORTILLO be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of March 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).